[Civ. No. 10207. First Appellate District, Division Two.—February 2, 1937.]

WILLIAM J. BOYLAN et al., Appellants, v. PACIFIC COAST SECURITIES, LTD. (a Corporation), et al., Respondents.

Ben D. Frantz and Richard H. Fuidge for Appellants.

Richard M. Lyman, Jr., for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the defendants to recover a judgment for alleged damages caused by the alleged deceit practiced by the defendants in the sale to the plaintiffs of a block of shares of

the capital stock of the Colombia Royal Metals Corporation. That corporation is the owner of, and is operating, mines in Colombia, South America. The action was tried before the court sitting with a jury. The jury returned a verdict in favor of the plaintiffs and fixed the amount of the damages in the sum of $2,000. Judgment was entered on the verdict. Thereafter the defendants made a motion for a new trial on several grounds, among others, that the evidence was insufficient to justify the verdict. The trial court granted said motion on the ground last stated and thereupon the plaintiffs appealed from said order.

The sale involved was made at Auburn in Placer County, by Benjamin Lachman, acting as agent for W. T. Dineen, a stockbroker doing business under the fictitious name of Pacific Coast Securities, Ltd. The negotiations were commenced in certain conversations held between Mrs. Boylan, one of the plaintiffs, and Mr. Lachman. The plaintiffs, in their amended complaint, set forth a charge as follows:

"That on or about June 23, 1932, said defendant wilfully, falsely and fraudulently represented and stated to plaintiffs that the capital stock of the Colombia Royal Metals Corporation, Ltd., was worth many times more than its actual value; that if plaintiffs would purchase and hold a number of shares of the capital stock of the aforesaid corporation plaintiffs would double their investment of money within a year; and that, in addition to the aforesaid false and fraudulent representations of fact, the said defendant further fraudulently represented and stated to plaintiffs that they would receive monthly dividends upon any capital stock of said Colombia Royal Metals Corporation, Ltd., which they might purchase, and that the capital stock of the Colombia Royal Metals Corporation, Ltd., on or about June 23, 1932, was worth the sum of Four ($4.00) Dollars or more per share." They also set forth an allegation that they were damaged in the sum of $2,520. On the trial both Mrs. Boylan and Mr. Lachman were called and examined as witnesses. Mr. Lachman testified that he did not make any one of the alleged representations and stated to the court what representations he did make and what written documents he exhibited to Mrs. Boylan. Those documents were produced and offered in evidence. At this time the plaintiffs assert that they proved every allegation as to the repre-

sentations which they claimed to be false. The defendants, on the other hand, contend that each and all of the representations were but expressions of opinion and not actionable. They further contend that the said allegations were not proved.

It is contended that a fiduciary relation existed between Mrs. Boylan and Mr. Lachman. No such relation was pleaded and the only evidence claimed to be applicable is the testimony of Mrs. Boylan that Mr. Lachman said he was of the same religious faith as Mrs. Boylan.

On the issue of damages it will be conceded that there was some evidence that the defendants represented the stock would have a value of eight dollars per share within one year from June 23, 1932. That evidence was directly contradicted. But there was only slight evidence, if any, that within one year it did not have an actual value of eight dollars per share. True it is that Mrs. Boylan through a bank offered her stock for sale and that she found no takers. Otherwise there was no proof that the stock had no value.

As we see the case it is not necessary to pass on these respective assertions and contentions. ▇ The sole question before this court is whether the trial court abused its discretion when it granted a new trial. If it did not abuse its discretion, the order must be affirmed. In 20 California Jurisprudence, page 27, the author says: ''It is settled that a motion for new trial is, to a large extent, addressed to the sound legal discretion of the court to which the application is made, and that its action, either in granting or refusing a new trial, is conclusive and will not be disturbed,—especially where the ground of the motion is insufficiency of the evidence to justify the verdict or decision and there is a substantial conflict in the evidence,—in the absence of a clear and affirmative showing of a gross, manifest or unmistakable abuse of discretion.'' And then on page 119 the same author states: ''When one of the grounds of the motion for new trial is insufficiency of the evidence—whether to sustain all or only a portion of the issues upon which the decision rests—the action of the trial court in granting a new trial is, as has been many times observed, the exercise of a broad legal discretion which will not be deemed to have been abused and will not be disturbed on appeal—although the appellate court may differ in opinion with the lower court

as to the weight of the evidence—where the evidence is fairly and substantially conflicting upon material issues, or where questions as to the probative force or the evidentiary value of the testimony arises, except in extreme cases and where a clear abuse of discretion is shown, and unless a verdict in favor of the moving party would not have found sufficient legal support in the evidence. Thus an order granting a new trial will be affirmed where there was substantial evidence to support the contention of the applicant, notwithstanding the evidence of the adverse party to the contrary.'' Applying that rule to the instant case it may not be said the trial court abused its discretion.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.